DI MARCO v. VIKING PACKING CO.

(April 4, 1932. Opinion and Decree.)

Wm. J. O'Hara, of New Orleans, attorney for plaintiff, appellee.

W. H. Sellers, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This suit results from a collision between two motortrucks, which occurred at about 4:15 a. m., December 13, 1930. Plaintiff's truck, which was being used at the time for delivery of bread, was, just prior to the accident, proceeding along the roadway on the upper side of the New Basin Canal and approaching South Claiborne avenue with the intention of turning left at the intersection. The defendant's truck, a meat delivery truck, was, just prior to the accident, traversing the bridge which spans the New Basin Canal at the intersection of South Claiborne avenue and the New Basin Canal roadway and traveling in the direction of Canal street. The meat truck struck the bread truck when the bread truck had almost succeeded in crossing its path, and damaged it in the rear. The front of the meat truck made contact with the rear of the bread truck, causing damage to its front axle, bumper and headlights.

Only two witnesses testified, the drivers of the two colliding vehicles. As might be expected, their testimony is hopelessly in conflict. The negligence imputed by plaintiff to the driver of defendant's truck is the failure to keep a proper lookout and excessive speed, and defendant charges plaintiff with negligence upon practically the same grounds. The issue, therefore, depends upon the credibility of the witnesses.

The trial judge thought the testimony of plaintiff's driver reliable, and rendered judgment accordingly. We cannot say that he was grossly in error. Moreover, the location of the colliding vehicles after the impact, when plaintiff's truck was discovered to be jammed against the curbing of a small neutral ground located at a point nearly opposite the far or lake side of the New Basin bridge, and the fact that the

bakery truck was struck in the rear, are circumstances which tend to corroborate the testimony of plaintiff's driver. We conclude, therefore, that defendant's driver was responsible for the accident.

The quantum allowed by the trial court, $168, is challenged upon two grounds. An item of $30 included in this amount is claimed as the price of hiring another truck during the time plaintiff's truck was being repaired at the rate of $5 per day for six days. The remainder, $138, the cost of repairs to plaintiff's truck, is disputed as excessive.

The truck, which was used by plaintiff during the time his truck was being repaired, belonged to his father, and we are not satisfied that there was any definite agreement to pay for the hiring of this truck; plaintiff's testimony on the subject being to the effect that he was to pay for it out of the money recovered in this suit. We believe this item should be disallowed because of the unsatisfactory proof in support of it.

As to the repairs, we are of opinion that they have been sufficiently established by the evidence to have been properly fixed at the figure claimed.

For the reasons assigned, the judgment appealed from is amended by reducing the amount awarded plaintiff from $168 to $138, the costs of the lower court to be paid by defendant and appellant, and of this court by plaintiff and appellee. In all other respects, the judgment appealed from is affirmed.